## Nolen's Administrator v. Robinson, et al.

(Decided March 26, 1926.)

### Appeal from Boyd Circuit Court.

1. Bills and Notes—Instruction in Action on Note Authorizing Recovery by Defendants on Set-Off Based on Option Contract Held Unsupported by Evidence Showing Option Contract to have Expired.—Instruction in action on broker's note submitting his claim of set-off by reason of sale under option, held unwarranted; evidence showing option had expired and broker had no interest in sale.

2. Bills and Notes.—In action on broker's note, where defendants counterclaim for commission under brokerage contract, but proved merely an option to purchase, variance was fatal.

3. Brokers.—Contract giving broker's option to purchase property did not make defendants brokers for sale of land.

4. Brokers—Broker's Option to Purchase Held Not to Create Relationship of Principal and Agent Between Owner and Broker Nor to Support Claim for Commission.—Broker's option to buy land does not create relationship of principal and agent, nor afford basis for claim to brokerage fee on sale of land.

5. Brokers—"Brokerage Contract" is One of Agency, Whereby Broker is Employed to Make Contracts of Kind Agreed Upon in Name

of Principal.—"Brokerage contract" is one of agency, whereby broker is employed to make contracts of kind agreed upon in name and on behalf of his principal, and for which he is paid an agreed commission.

J. F. STEWART for appellant.

JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Sustaining motion for an appeal and reversing the judgment.

The appellees and defendants below, W. E. Robinson and J. M. Gillum, were partners engaged in the business of real estate dealers and real estate brokerage, with an office in Ashland, Kentucky. G. W. Nolen owned a farm in Boyd county containing about 21 acres. On April 6, 1923, he gave defendants a written option entitling them to purchase his farm "At any time within 60 days from date hereof, and so long thereafter as not revoked by the undersigned (Nolen) in writing." The price to be paid if the option was exercised was $3,000.00, one-third of which to be cash and the other deferred payments drawing interest with a lien on the land. The option was never exercised and on November 1, 1923, defendants borrowed $200.00 from Nolen and executed their note to him for that amount payable 30 days thereafter. It was not paid, and on November 25, 1924, suit was filed thereon by him in the Boyd circuit court, but before the cause came on to be heard or answered he died and his son, L. V. Nolen, was duly appointed administrator of his estate and he filed an amended petition and had the case revived in his name as personal representative of his father. Defendants answered admitting the execution of the note and that it was not paid, but they pleaded a set-off in which they averred that G. W. Nolen was indebted to them in the sum of $250.00 as commission for selling his land on October 13, 1923, for the sum of $3,250.00 to Frank Townsend and wife, Sarah Townsend, which sale defendants claimed was under the rights and privileges they obtained by their option to purchase the land, and that they were entitled to receive from Nolen the $250.00 over and above the $3,000.00 purchase price agreed upon therein. Appropriate pleadings formed the issues and upon trial the jury under the instructions submitted to it by the court returned a verdict for defendants and the petition was dismissed, and they were given judgment against plaintiff in the sum of $50.00.

The latter's motion for a new trial was overruled and he has filed a transcript of the record in this court with a motion for an appeal, complaining chiefly of the error of the court in giving to the jury instruction (2), which says: "If the jury should believe from the evidence that the contract (option) read in evidence, was still in force at the date of the sale by Nolen and wife to Townsend and wife, and that the deed to the property described therein was made by Nolen and wife to said parties at the request of defendants and that Nolen received a consideration of $3,250.00 for said property, then they should find for the defendants on their set-off the sum of $250.00 with interest at 6% from the date of said deed, and from said sum and interest they will deduct the sum of $200.00, the amount of the note sued on with interest from December 1st, 1923, and render a verdict for defendants for the difference."

The objections to that instruction were and are, (1) that there was no proof to sustain it and, (2), if there had been sufficient proof the option upon which the alleged set-off is based did not support the averments of the answer and was a radical departure therefrom, in that those averments sought the recovery of a *commission* due defendants as real estate brokers, whereas the option was only a contract whereby defendants were given the right to, themselves, or possibly their assigns, to purchase the land at the price agreed upon in the option, and we think both grounds are well taken.   The reply put in issue the vitality of the option at the time Nolen sold his land to Townsend and wife, and it is quite possible that under the issue as made by the pleadings the burden was on defendants to prove that the option was alive at that time.   But, however that may be, the evidence is overwhelming that defendants stated on the day Nolen sold his land that their option had expired and that they had no interest in the sale and were entitled to no part of the proceeds.   Townsend and wife testified to those facts as did also another witness who was present at the time and who was wholly disinterested.   Defendant, Robinson, denied having made such statements to Townsend and wife but did not deny having made them to the third disinterested witness.   He was present at the sale of the land to Townsend and wife and there was no testimony whatever that he suggested or intimated to Nolen or anyone else that he was entitled to any part of

the purchase price or that he expected to claim it. On the contrary, he acquiesced in Townsend and wife paying to Nolen on that occasion $200.00 cash, he himself writing the check. It was furthermore shown by the testimony, which was uncontradicted, that on the day of the sale to Townsend and wife, defendants took them to examine another place adjoining that of Nolen, but for which no sale was effected, and that it was no part of the object and purpose of that trip to make a sale of the Nolen property.

If, however, the evidence was otherwise defendants would still not be entitled to recover in this case, since the pleadings rely upon one cause of action and the proof (consisting mainly of the option contract) was directed to establish an entirely different one and constituted a fatal variance between the pleading and the proof. The set-off relied on in the answer is based upon a brokerage contract, which is nothing but one of agency whereby the broker is employed to make contracts of the kind agreed upon in the name and on behalf of his principal and for which he is paid an agreed commission. Cockran's Law Lexicon, 4 R. C. L. 242; Graham v. Duckwall, 8 Bush 12, and Faraday Coal and Coke Co. v. Owens, 26 R. C. L. 243. Clearly, the option contract in this case did not create the defendants brokers for the purpose of effecting a sale of Nolen's land in his name and as his agent to a third party.

On the other hand, an option such as was proven in this case is a contract whereby the optionee is given the privilege of himself buying the property to which the option relates at the price and upon the terms agreed upon in the option. There is neither the relationship of principal and agent, nor any one akin thereto, created thereby, and while it may be true that the optionee could assign his option, especially where it is so provided by express or necessarily implied terms, yet in this case there was no pretended assignment of defendants' option to Townsend and wife, even if it were alive at that time. On the contrary, the optionees (defendants), according to the proof, permitted the optionor (Nolen) to sell his land and to accept payment therefor without protest, objection, or the assertion of any claim whatever; and even if defendants could have sustained a cause of action against Nolen for violation of their option they relied on no such defense in this case. For authorities showing the nature

of an option see 27 R. C. L. 334, section 1, and the Farady Coal and Coke Co. case, *supra*. It follows that under no view of the case was the court authorized to give to the jury instruction 2 complained of, and should have peremptorily instructed it to return a verdict for plaintiff for the the full amount of the note.

Wherefore, the motion for the appeal is sustained and the appeal is granted; the judgment is reversed with directions to sustain the motion for a new trial, and for proceedings consistent with this opinion, and with directions that if upon another trial the evidence is substantially the same as that heard upon this one a directed verdict for plaintiff should be given.